IN THE DISTRICT COURT IN AND FOR
THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO. 8:11-CV-1571-T-30TBM

JAIME MOLINA,

    Plaintiff,

v.

RESIDENTCOLLECT, INC., a corporation,
and JORGE BALDOR, an individual,

    Defendants.
_____/

## NATURE OF ACTION

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendants transact business in this district.

## PARTIES

4. Plaintiff, JAMIE MOLINA ("Plaintiff"), is a natural person who at all relevant times resided in the State of Florida, County of Manatee, and City of Bradenton.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, RESIDENTCOLLECT, INC. ("Defendant") or (ResidentCollect) is a corporation who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).



7. At all relevant times herein, Defendant, JORGE BALDOR ("Defendant Baldor) was owner of Defendant ResidentCollect. As an officer, shareholder and/or director of Defendant ResidentCollect, Defendant Baldor was responsible for the overall success of the company. Defendant Baldor is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6): he materially participated in collecting debt by occupying a position of critical importance to Defendant ResidentCollect's business; as the owner of Defendant ResidentCollect, he exercised control over the affairs of a debt collection business; and he was regularly engaged, albeit more often indirectly than directly, in the collection of debts through his involvement in Defendant ResidentCollect's affairs and Defendant Baldor continued to play a key role in maintaining and expanding Defendant ResidentCollect's debt collection activities throughout the time in question.

8. Defendants are "debt collectors" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

9. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendants.

10. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendants, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

11. Defendants use instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another

12. In connection with the collection of an alleged debt, Defendants sent Plaintiff initial written communication dated April 11, 2011 in which Defendants failed to provide Plaintiff with the notices required by 15 USC § 1692g(a) *et seq.*, nor did Defendants provide said notices within five (5) days thereof. (See April 11, 2011 correspondence, attached hereto as Exhibit "A").

13. In connection with the collection of an alleged debt, Defendants received written communication from Plaintiff via certified mail on April 14, 2011 at 11:12 A.M. notifying Defendants that Plaintiff disputed the alleged debt and demanded validation thereof. (See April 14, 2011 correspondence, attached hereto as Exhibit "B").

14. However, Defendants sent Plaintiff written communication dated May 9, 2011 in attempt to collect the alleged debt without first obtaining and mailing verification of said debt to Plaintiff. (See May 9, 2011 correspondence, attached hereto as Exhibit "C").

15. In connection with the collection of an alleged debt, Defendants sent Plaintiff written communication dated April 11, 2011 in which Defendants closed their communication as follows: "Sincerely, Legal Counsel, ResidentCollect, Inc." Defendants' valediction led Plaintiff to believe that its letter was being sent by an attorney and that legal action may be imminent, and in doing so, Defendants overshadowed and obscured disclosures required by 15 USC § 1692g(a) *et seq*. (See Exhibit "A").

## COUNT I

16. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 15.

17. Defendants violated 15 U.S.C. § 1692e(10) by using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendants violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II

18. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 15.

19. Defendants violated 15 U.S.C. § 1692g(a) *et seq.* by failing to provide Plaintiff with the notice required by 15 U.S.C. § 1692g(a) *et seq.*, either in the initial communication with Plaintiff, or in writing within five (5) days thereof.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendants violated 15 U.S.C. § 1692(g)(a) *et seq.*;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III

20. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 15.

21. Defendants violated 15 U.S.C. § 1692g(b) by continuing to contact Plaintiff after receiving a writing communication disputing the debt without having first provided validation of the debt

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendants violated 15 U.S.C. § 1692(g)(a) *et seq.*;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV

22. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 15.

23. Defendants violated 15 U.S.C. § 1692g(b) by overshadowing the disclosures required by 15 U.S.C. § 1692(g)(a) *et seq.* during the thirty-day dispute period, including threatening to take immediate action against Plaintiff and disclaiming the validity of the disclosures.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendants violated 15 U.S.C. § 1692(g)(a) *et seq.*;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

24. Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted this July 12th, 2011.

Respectfully submitted,
JAIME MOLINA

By: _____
ALEX D. WEISBERG
FBN: 0566551
WEISBERG & MEYERS, LLC
ATTORNEYS FOR PLAINTIFF
5722 S. Flamingo Rd, Ste. 656
Cooper City, FL 33330
(954) 212-2184
(866) 577-0963 fax
aweisberg@attorneysforconsumers.com